## IN THE CIRCUIT COURT FOR BALTIMORE CITY

JABARI MORESE LYLES
1176 NANTICOKE STREET
BALTIMORE, MD 21230

      *on his own behalf and on behalf of
all others similarly situated,*

      *Plaintiff,*

v.

SANTANDER CONSUMER USA INC.
565 FIFTH AVENUE
NEW YORK, NY 10017

      **Serve on:** The Corporation Trust Inc.
              2405 York Road
              Suite #201
              Timonium, MD 21093

      *Defendant.*

JURY TRIAL REQUESTED

Case No. _____

---

### CLASS ACTION COMPLAINT

Plaintiff Jabari Lyles ("Named Plaintiff" or "Lyles"), on his own behalf and on behalf of all others similarly situated, through his attorneys Cory L. Zajdel, Esq., Jeffrey C. Toppe, Esq., David M. Trojanowski, Esq., and Z LAW, LLC, hereby submits this Class Action Complaint against Defendant Santander Consumer USA Inc. ("Santander") and for support states as follows:

## I.   PRELIMINARY STATEMENT

1.     Lyles institutes this class action against Santander on his own behalf and on behalf of all others similarly situated for violating statutory and contractual obligations and seeks to recover statutory damages, actual damages, pre-judgment interest, and post-judgment interest against Santander for multiple violations of *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC").

2. Santander takes assignment of more than fifty (50) Retail Installment Sale Contracts ("RISC") electing *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC") as the governing law each year.

3. Santander charges a fee to its CLEC RISC customers for making a payment by phone though a live representative or through an automated system or through the internet ("convenience fee").

4. Santander has charged convenience fees to more than fifty (50) CLEC RISC customers each year.

5. By charging its CLEC customers convenience fees, Santander deprived its CLEC RISC customers of valuable rights mandated by Maryland law and as stated in their CLEC RISC.

6. Santander has collected convenience fees from more than fifty (50) CLEC RISC customers each year.

7. By collecting convenience fees from its CLEC customers, Santander deprived its CLEC RISC customers of valuable rights mandated by Maryland law and as stated in their CLEC RISC.

8. Santander breached each CLEC RISC by charging convenience fees to its CLEC RISC customers.

9. Santander breached each CLEC RISC by collecting convenience fees from its CLEC RISC customers.

10. Santander's repeated charges for and collection of convenience fees makes this case particularly suitable for resolution through a class action lawsuit.

- 2 -

## II.   JURISDICTION

11.   The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

12.   The Circuit Court of Maryland has personal jurisdiction over Defendant Santander pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Santander systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, Santander contracts to supply goods or services in Maryland, files lawsuits in Maryland's State Court System and holds liens on real and personal property located in Baltimore City.

## III.   PARTIES

13.   Plaintiff Jabari Lyles is a natural person currently residing at 1176 Nanticoke Street, Baltimore, MD 21230 (Baltimore City, Maryland).

14.   Defendant Santander is an Illinois corporation doing business within this state and with its principle place of business located at 565 Fifth Avenue, New York, NY 10017.

## IV.   FACTUAL ALLEGATIONS

15.   On or about October 20, 2015, Lyles purchased a motor vehicle in Maryland.

16.   Lyles obtained financing for the purchase of the motor vehicle through the dealership that sold the vehicle, which was memorialized in a RISC.

17.   The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* CLEC).

18.   Lyles purchased the motor vehicle primarily for personal, family, and household purposes.

- 3 -

19.     Lyles financed twenty thousand six hundred fifty-seven dollars ($20,657.00) in the RISC.

20.     The CLEC RISC, through which Lyles financed the purchase, was assigned to Santander.

21.     Santander accepted the assignment of the CLEC RISC.

22.     Throughout the life of the CLEC RISC, Lyles made numerous payments to Santander.

23.     Throughout the life of the CLEC RISC, Santander charged Lyles for numerous convenience fees.

24.     Throughout the life of the CLEC credit account, Santander collected numerous convenience fees from Lyles on his CLEC RISC.

25.     Santander collected interest, costs, fees, or other charges from Lyles on his CLEC RISC before charging and collecting any convenience fees from him.

26.     Santander collected interest, costs, fees, or other charges from Lyles on his CLEC RISC after charging and collecting convenience fees from him.

27.     Santander repossessed Lyles's motor vehicle that secured the RISC.

28.     Santander charged and collected fees related to the repossession of Lyles's motor vehicle.

29.     As of June 1, 2020, Santander had collected at least twenty-three thousand four hundred ninety-seven dollars ($23,497.00) on Lyles's RISC.

30.     Santander collected at least two thousand eight hundred forty dollars ($2,840.00) greater than the principal amount of Lyles's RISC.

- 4 -

31.    Santander claims that more than sixteen thousand dollars ($16,000.00) remains due on Lyles's RISC.

## V.    CLASS ACTION ALLEGATIONS

32.    Named Plaintiff brings this action on behalf of a Class which consists of:

> **All persons: 1) who entered into a RISC governed by CLEC; 2) the RISC was dated between October 15, 2015 and October 31, 2015; and 3) were charged a convenience fee by Santander between January 1, 2016 and January 15, 2016.**

Excluded from the Class are those individuals: (a) who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (b) whose credit accounts were discharged in a bankruptcy; or (c) whose credit account resulted in a judgment prior to the date of the filing of this action.

33.    The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

34.    The Class consists, at a minimum, of fifty (50) borrowers and is thus so numerous that joinder of all members is clearly impracticable.

35.    There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

36.    The common and predominating questions include, but are not limited to:

(a)    Whether it is a violation of CLEC to charge a convenience fee in connection with a CLEC RISC;

(b)    Whether it is a breach of a CLEC RISC to charge a convenience fee in connection with a CLEC RISC;

(c)    Whether Santander charged convenience fees to its CLEC customers;

(d)   Whether it is a violation of CLEC to collect a convenience fee in connection with a CLEC RISC;

(e)   Whether it is a breach of a CLEC RISC to collect a convenience fee in connection with a CLEC RISC;

(f)   Whether Santander collected convenience fees from its CLEC customers.

37.   Claims of Named Plaintiff are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of Santander.

38.   Named Plaintiff will fairly and adequately protect the interests of the Class.

39.   Named Plaintiff is committed to vigorously litigating this matter.

40.   Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

41.   Neither Named Plaintiff nor his counsel have any interests which might cause his not to vigorously pursue this claim.

42.   Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.  MD. RULE 2-231(c)(3).

43.   A class action is the superior method for fair and efficient adjudication of the controversy.  MD. RULE 2-231(c)(3).

44.   The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

45.   The likelihood that individual members of the Class will prosecute separate actions is remote also because each individual claim involves a small amount.

46. Counsel for Named Plaintiff and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## VI.     CAUSE OF ACTION

### COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

47. Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

48. CLEC restricts credit grantors from charging or collecting any fees, charges or interest not specifically enumerated in CLEC.

49. In violation of CLEC, Santander charged Named Plaintiff and the Class convenience fees.

50. In violation of CLEC, Santander collected convenience fees from Named Plaintiff and the Class.

51. Santander's CLEC violations were undertaken knowingly.

### COUNT TWO
### (BREACH OF CONTRACT)

52. Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

53. CLEC was in effect at the time Named Plaintiff and all other Class Members' RISCs were signed.

54. Santander specifically and unequivocally elected CLEC as the controlling law in its RISCs with Named Plaintiff and all Class Members.

55. Santander specifically and unequivocally incorporated the CLEC into Named Plaintiff and all Class Members RISCs.

56. The provisions of the CLEC became a part of the RISCs just as if the parties expressly included the CLEC provisions in their RISCs.

57. When Santander charged and collected convenience fees from CLEC RISC customers as set forth herein, Santander materially breached its RISCs with Named Plaintiff and the Class.

58. As a result of Santander's breach of contract with Named Plaintiff and the Class, Named Plaintiff, and the Class have been damaged.

59. Named Plaintiff and the Class have been deprived of the substantial rights granted to them by CLEC and under their RISCs as set forth above.

60. Named Plaintiff and the Class sustained damages and losses due to these breaches of contract.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A. assume jurisdiction of this case;

B. enter an order certifying the Class under MD. RULE 2-231(c)(3);

C. enter an order awarding Named Plaintiff and each Class Member the civil remedies in accordance with CLEC § 12-1018(a)(2) (frame a declaratory decree stating the amount of principal Santander is entitled to recover, calculate the total amount collected by Santander, and return to Named Plaintiff and each Class Member all amounts collected by Santander greater than the principal amount of the loan);[1]

---

[1] Pursuant to MD. RULE 2-305, Lyles states that his individual claim totals less than $75,000.00 in addition to pre-judgment and post-judgment interest. The total damages Lyles seeks to recover on behalf of the Class totals more than $75,000.00.

D.     enter an order awarding Named Plaintiff and each Class Member the civil remedies

in accordance with CLEC § 12-1018(b);

E.     enter an order awarding actual damages equal to the amount of convenience fees

collected and/or charged by Santander to Named Plaintiff and each Class Member;

F.     enter an award of pre-judgment and post-judgment interest on all sums awarded to

Named Plaintiff and the Class; and

G.     award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: June 9, 2020

_____

Cory L. Zajdel, Esq. (CPF #0412150442)
David M. Trojanowski, Esq. (CPF #1412180233)
Jeffrey C. Toppe, Esq. (CPF #1412180230)
2345 York Road, Suite B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com
dmt@zlawmaryland.com
jct@zlawmaryland.com

**Attorneys for Named Plaintiff**

## **JURY TRIAL**

Named Plaintiff on behalf of himself and all others similarly situated demands trial by

jury on all issues so triable.

_____
Cory L. Zajdel